# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL BOONE, | ) |
|                 Plaintiff, | )   Civil Action No. 11 - 171 |
| v. | )   District Judge Kim R. Gibson |
| | )   Chief Magistrate Judge Lisa Pupo Lenihan |
| W. SALAMEH, ANNETTE KOWALESKI, AND M. LESHENE, | )   ECF Nos. 15, 22 |
|                 Defendants. | ) |

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motions to Dismiss filed by Defendant Dr. Salameh (ECF No. 15) and Defendants Kowalewski and Leshene (ECF No. 22) be granted and Plaintiff's claims be dismissed without prejudice to his right to file a second amended complaint as discussed herein.

### II.    REPORT

Plaintiff, Samuel Boone ("Plaintiff") is a state prisoner who is currently incarcerated at the State Correctional Institution at Laurel Highlands ("SCI-Laurel Highlands") in Somerset, Pennsylvania. Plaintiff brings this suit pursuant to 42 U.S.C. § 1983. In his original complaint filed with the Court on August 19, 2011 (ECF No. 6) Plaintiff named as Defendants Dr. Jawad Salameh (incorrectly referred to as "W. Salameh"), CHCA Annette Kowalewski (incorrectly referred to as "Kowaleski"), and RN Supervisor Leshene. The complaint lacked allegations of violations of Plaintiff's rights and simply provided a timeline of medical care he received by

1

several healthcare providers dating back to April 28, 2009. Plaintiff filed an amended complaint on November 23, 2011 (ECF No. 14) wherein he alleges that he has been denied proper medical care since his transfer to SCI-Laurel Highlands in March 2009.

On November 29, 2011, Defendant Dr. Salameh filed a Motion to Dismiss Plaintiff's amended complaint (ECF No. 15) and Defendants Kowalewski and Leshene filed a Motion to Dismiss on December 30, 2011 (ECF No. 22). Although Plaintiff was ordered to file a second amended complaint or responses in opposition to the motions to dismiss, he did neither. As such, Defendants' motions are now ripe for review.

### A. Plaintiff's Allegations

According to Plaintiff's amended complaint, he was transferred to SCI-Laurel Highlands in March 2009 and placed under the care of Dr. Salameh. He asserts that his medical history includes: renal failure, chronic kidney disease, hyper tension, uncontrolled blood pressure, heart murmur, and deteriorate bone disease in his right shoulder and hip. He contends that he has received improper medical care since his arrival at SCI-Laurel Highlands as well as poor dialysis treatment. He states that from April 2009 through May 2011, he repeatedly complained of severe pain and complications related to prior medical conditions but did not receive adequate care or treatment. Specifically, he states that he complained to Defendants Leshene and Kowalewski of a swollen arm and hand but Defendants "chastised" him for seeking medical care. He further states that he suffered "massive collateral damage along with skin and tisue [sic] scaring of the left upper extremeties [sic]" and that his nervous system in his left upper extremities, arm, and hand is severely damaged such that he has no use of his left arm and hand. Finally, Plaintiff states that his arms, chest, and neck have been scarred as a result of procedures performed by doctors, surgeons, and specialists for which Defendants have written consults.

## B. Standard of Review

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. Id. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary

3

judgment. Spruill v. Gills, 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

### C. Discussion

Defendants assert that Plaintiff has failed to state a claim for an Eighth Amendment violation. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999). In order to set forth a cognizable claim, an inmate must allege (1) a serious medical need and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Estelle, 429 U.S. at 104; Natale v. Camden Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted); *see also* Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. *See* Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F. Supp. 2d 217, 228 (D. N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), *aff'd*, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napolean, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional

judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. *See* Rouse, 182 F.3d at 197. The court also has held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment. Atkinson, 316 F.3d at 266; *see also* Monmouth County Correctional Institutional Inmates, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen . . . prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napolean, 897 F.2d 103 (3d Cir. 1990).

As an initial matter, the Court notes that Plaintiff makes several allegations in his amended complaint that are not specific to any one Defendant. In essence, these allegations assert that Plaintiff has received constitutionally inadequate medical care over the course of two years while at SCI-Laurel Highlands. However, Plaintiff's generalized claims fall short for two reasons.

First, Plaintiff fails to specify how and when each individual Defendant violated his constitutional rights. Instead, the allegations lump all three Defendants together and state that

they collectively failed to "safeguard" his medical care. Plaintiff offers only general conclusions that he did not receive appropriate care while at SCI-Laurel Highlands. Moreover, the amended complaint contains virtually no allegations as to Dr. Salameh except that Plaintiff has been under his care since his incarceration at SCI-Laurel Highlands. Because a § 1983 action must allege personal involvement, and because liability based on *respondeat superior* is impermissible, these generalized allegations are insufficient. *See* Durmer, 991 F.2d at 69 n.14.

Second, Plaintiff has failed to demonstrate deliberate indifference on the part of any Defendant. For example, the allegations in his original complaint and amended complaint reveal that Plaintiff received medical attention for his numerous conditions. Indeed, in his original complaint Plaintiff listed approximately 16 different instances from April 28, 2009, until May 25, 2011 where he was either admitted to a hospital or seen by various doctors and specialists for his conditions, with many relating to his upper extremity problems. Furthermore, based on the allegations in his amended complaint, Plaintiff's dispute appears to be with the care received by the specialists and surgeons to whom he was referred, and he blames Defendants for their alleged involvement in approving these outside consults. However, this is insufficient to establish an Eighth Amendment violation. While Plaintiff does allege that on one occasion he complained to Defendants Kowalewski and Leshene about his swollen arm and hand and that they "chastised" him for seeking medical care, he does not allege that he was denied medical care and the allegations contained in his original and amended complaints suggest otherwise.

Based on the allegations contained in Plaintiff's amended complaint, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. However, because it is not clear that leave to amend would necessarily be futile, dismissal should be without prejudice and Plaintiff be permitted to file a second amended complaint if he so chooses. If Plaintiff chooses to

file a second amended complaint, he should state a short and plain statement of each claim showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). His averments should be "simple, concise and direct" Fed. R. Civ. P. 8(d)(1), and he should state the **conduct**, **time**, **place**, and **persons** responsible for each claim. *See* Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). His second amended complaint must provide sufficient averments to "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). It should not leave Defendants "having to guess what of the many things discussed constitute[] [a cause of action]." Binsack v. Lackawanna County Prison, 211 U.S. App. LEXIS 15087, at *5 (3d Cir. July 21, 2011).

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motions to Dismiss filed by Defendant Dr. Salameh (ECF No. 15) and Defendants Kowalewski and Leshene (ECF No. 22) be granted and Plaintiff's claims be dismissed without prejudice to his right to file a second amended complaint as discussed herein. If Plaintiff fails to file a proper second amended complaint within the time allowed by the District Judge, then this Magistrate Judge recommends that Plaintiff's amended complaint be dismissed with prejudice.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B)&(C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: March 28, 2012

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Kareem Armstrong
FC1437
P.O. Box 9999
Labelle, PA 16450

Counsel of record.